Slip Op. 17- 130

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| COOPER TIRE & RUBBER COMPANY, COOPER (KUNSHAN) TIRE CO., LTD., AND COOPER CHENGSHAN (SHANDONG) TIRE CO., LTD.,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>    Defendant,<br><br>and<br><br>THE UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC,<br><br>    Defendant-Intervenor. | Before: Timothy C. Stanceu, Chief Judge<br><br>Court No. 15-00251 |

**OPINION**

[Sustaining a decision in response to court order in litigation contesting a determination issued in an investigation of sales at less than fair value of certain passenger car and light truck tires from the People's Republic of China]

Dated: September 25, 2017

*Gregory C. Dorris*, Pepper Hamilton LLP, of Washington, D.C., for plaintiffs.

*John J. Todor*, Senior Trial Counsel, Civil Division, U.S. Department of Justice, of Washington, D.C., for defendant. With him on the brief were *Chad A. Readler*, Acting Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Franklin E. White, Jr.*, Assistant Director. Of counsel was *Mercedes C. Morno*, Office of the Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce.

*Geert De Prest*, Stewart and Stewart, of Washington, D.C., for defendant-intervenor. With him on the brief were *Terence P. Stewart*, *Phillip A. Butler*, and *Nicholas J. Birch*.

Stanceu, Chief Judge: In this action, plaintiffs challenged the antidumping duty cash deposit rate that the International Trade Administration, U.S. Department of Commerce ("Commerce" or the "Department") applied to imports of passenger car and light truck tires that they produced and exported from the People's Republic of China.

Before the court is the decision (the "Remand Redetermination") Commerce issued in response to the court's opinion and order in *Cooper Tire & Rubber Co. v. United States*, 41 CIT __, 217 F. Supp. 3d 1373 (2017) ("*Cooper Tire*"). The Remand Redetermination announces the Department's intention, expressed under protest, to recalculate plaintiffs' antidumping duty cash deposit rate. *Results of Redetermination Pursuant to Remand* (Apr. 17, 2017), ECF No. 43 ("*Remand Redetermination*"). For the reasons set forth below, the court sustains the Remand Redetermination.

## I. BACKGROUND

Background in this case is set forth in *Cooper Tire*, which is summarized and supplemented, as necessary, herein. *See Cooper Tire*, 41 CIT at __, 217 F. Supp. 3d 1374-77.

### A. The Parties to this Litigation

Plaintiffs Cooper (Kunshan) Tire Co., Ltd. and Cooper Chengshan (Shandong) Tire Co., Ltd. are affiliated Chinese producers and exporters of tires for passenger cars and light trucks. Plaintiff Cooper Tire & Rubber Company is an affiliated exporter of the subject merchandise of these producers. The court refers to plaintiffs collectively as "Cooper."

Cooper was a respondent in parallel antidumping duty ("AD") and countervailing duty ("CVD") investigations. The petitioner in both the AD and CVD investigations was the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service

Workers International Union, AFL-CIO, CLC (the "USW"). The USW is the defendant-intervenor in this action.

### B. The Contested Determination

In June 2015, Commerce determined that imports of certain passenger vehicle and light truck tires are being, or are likely to be, sold in the United States at less than fair value. *See Antidumping Duty Investigation of Certain Passenger Vehicle and Light Truck Tires From the People's Republic of China: Final Determination of Sales at Less Than Fair Value and Final Affirmative Determination of Critical Circumstances, In Part*, 80 Fed. Reg. 34,893 (Int'l Trade Admin. June 18, 2015) ("*Final AD Determination*"). Commerce subsequently issued an "Amended Final Determination" accompanied by AD and CVD orders. *See Certain Passenger Vehicle and Light Truck Tires From the People's Republic of China: Amended Final Affirmative Antidumping Duty Determination and Antidumping Duty Order; and Amended Final Affirmative Countervailing Duty Determination and Countervailing Duty Order*, 80 Fed. Reg. 47,902 (Int'l Trade Admin. Aug. 10, 2015) ("*Amended Final Determination*").

In the Amended Final Determination, Commerce assigned Cooper an estimated weighted-average dumping margin of 25.84%. *Amended Final Determination*, 80 Fed. Reg. at 47,905. Commerce nominally set the cash deposit rate at the same rate as the estimated dumping margin but made two downward adjustments resulting in an applied cash deposit rate of 11.12% for subject merchandise Cooper exported to the United States. *Id*., 80 Fed. Reg. at 47,904 n.19; *see also Final AD Determination*, 80 Fed. Reg. at 34,897. For the first of these two adjustments, Commerce explained that it would subtract from the estimated dumping margin the "export subsidy rate" of 11.13%, which Commerce determined individually for Cooper in the course of the companion CVD investigation. *Final AD Determination*, 80 Fed. Reg. at 34,897.

Meanwhile, the other separate rate respondents in the AD investigation received an "all-others" export subsidy adjustment of 13.53% to their cash deposit rate. *Id.* For the second adjustment, Commerce made a further reduction in Cooper's cash deposit rate, as well as for the other separate rate respondents, of 3.59% "to account for estimated domestic subsidy pass-through." *Id.* (footnote omitted).

The two downward adjustments made to Cooper's amended final dumping margin and nominal cash deposit rate of 25.84% resulted in an applied cash deposit rate of 11.12%. *Amended Final Determination*, 80 Fed. Reg. at 47,904 n.19.

### C.  Commencement of this Action

Cooper commenced this action to challenge the 11.12% cash deposit rate established in the Amended Final Determination. *See* Summons (Sept. 8, 2015), ECF No. 1; Complaint (Oct. 7, 2015), ECF No. 9. Before the court, Cooper claimed that the downward adjustment made by Commerce in setting Cooper's cash deposit rate was improperly calculated. *See Cooper Tire*, 41 CIT at __, __, 217 F. Supp. 3d at 1375, 1379-80.

## II. Discussion

### A.  Jurisdiction and Standard of Review

The court exercises jurisdiction according to section 201 of the Customs Court Act of 1980, 28 U.S.C. § 1581(c). In reviewing a determination in an antidumping duty investigation, the court "shall hold unlawful any determination, finding, or conclusion found . . . to be unsupported by substantial evidence on the record, or otherwise not in accordance with law . . . ." 19 U.S.C. § 1516a(b)(1)(B)(i).

### B. The Court's Decision in *Cooper Tire*

In *Cooper Tire*, the court determined that Commerce acted arbitrarily and capriciously in subjecting Cooper's merchandise to a cash deposit rate different than the cash deposit rate applied to all other separate rate respondents in the AD investigation. *Cooper Tire*, 41 CIT at __, 217 F. Supp. 3d at 1382-83. Specifically, the court held that Commerce lacked a rational basis for treating Cooper differently than other separate rate respondents when the Department limited Cooper's export subsidy adjustment to 11.13% compared to the 13.53% export subsidy adjustment received by the other separate rate respondents in the AD investigation. *Id.*, 41 CIT at __, 217 F. Supp. 3d at 1380-83. Accordingly, the court set aside as unlawful the Department's determination of Cooper's cash deposit rate and ordered a redetermination. *Id.*, 41 CIT at __, 217 F. Supp. 3d at 1384.

### C. The Department's Remand Redetermination

In the Remand Redetermination, Commerce, under protest, recalculated Cooper's cash deposit rate. *Remand Redetermination* 3. Commerce recalculated Cooper's rate using the weighted average of the export subsidies received by the mandatory respondents in the CVD investigation (i.e., 13.53%), rather than the export subsidy calculated specifically for Cooper (i.e., 11.13%). *Id.* at 2-3. Commerce determined Cooper's recalculated cash deposit rate to be 8.72%, consistent with that received by all the other separate rate respondents. *Id.* at 3.

Commerce included draft amended cash deposit instructions in the Remand Redetermination. *See* Attach. 1 to *Remand Redetermination* (Apr. 17, 2017), ECF No. 43-1. In the draft amended cash deposit instructions, Commerce stated its intent to instruct U.S. Customs and Border Protection ("CBP") to apply Cooper's recalculated cash deposit rate of 8.72% to all entries of subject merchandise made by Cooper beginning the tenth day from the date on which

the court issues a final judgment. *Id*; *see also Remand Redetermination* 3-4. The draft amended cash deposit instructions made no mention of applying the recalculated cash deposit rate of 8.72% retroactively to August 6, 2015, the date Cooper began paying the 11.12% cash deposit rate determined by the court to be unlawful.

### D.  Proceedings following the Remand Redetermination

Cooper and the USW filed comments on the Remand Redetermination. *See generally* Pls.' Comments on Results of Redetermination Pursuant to Remand (Apr. 27, 2017), ECF No. 45 ("Cooper's Comments"); Def.-Int.'s Comments on Remand Redetermination (Apr. 27, 2017), ECF No. 46. Defendant filed a response to the comments submitted by Cooper and the USW on May 8, 2017. Def.'s Resp. to Comments on Remand Redetermination, ECF No. 47 ("Def.'s Reply").

Cooper moved for an injunction following Defendant's reply to Cooper's comments on the Remand Redetermination. Pls.' Mot. for Prelim. Inj. (May 10, 2017), ECF. No. 49. The parties reached an agreement as to the terms of the injunction, which the court subsequently entered. Order (June 1, 2017), ECF No. 53. The injunction prohibits defendant from "making or permitting liquidation of any unliquidated entries of certain passenger vehicle and light truck tires" that "were entered on or after August 6, 2015 and through and including the date of publication in the Federal Register of the Notice not in Harmony with the Court's Decision[.]" *Id*. at 1-2. The injunction also requires Commerce to instruct CBP to refund excess cash deposits for entries covered by the injunction upon entry of judgment sustaining the Remand Redetermination. *Id*. at 3.

### E.  The Court Sustains Cooper's Redetermined Cash Deposit Rate

In their comment submission, Cooper asserted that Commerce complied only partly with the court's order in *Cooper Tire*.  Cooper's Comments 2-3.  While Cooper agreed with the Department's recalculation of its cash deposit rate to 8.72%, Cooper took issue with the draft amended cash deposit instructions that Commerce intended to issue once the court entered judgment sustaining the Remand Redetermination.  *Id*.  Cooper asserted that because the draft amended cash deposit instructions would apply only prospectively, the Remand Redetermination "fail[s] to fully effectuate the [c]ourt's order to determine Cooper's cash deposit rate the same as all other separate rate respondents[.]"  *Id*. at 2.  Cooper maintained that it is entitled to the "full benefit" of its successful appeal in *Cooper Tire* and that the retroactive application of the amended cash deposit rate is "absolutely necessary" to fully effectuate the court's remand order.  *Id*. at 5.

In response to Cooper's comments on the Remand Redetermination, defendant argued that the retroactive application of the amended cash deposit rate is not appropriate without an injunction enjoining liquidation of these entries.  Def.'s Reply 5-10.  Without an injunction, defendant asserted that, in accordance with 19 U.S.C. § 1516a(c)(1) (2012), all entries that were entered on or before the date of publication in the Federal Register of a notice of a decision of this Court not in harmony with that determination ("Timken Notice") must be liquidated in accordance with the contested determination.  *See* 19 U.S.C. § 1516a(c)(1).[1]

---

[1] The relevant portion of that statute provides that:

> Unless such liquidation is enjoined by the court . . . entries of merchandise of the character covered by a determination of the Secretary, . . . shall be liquidated in accordance with the determination of the Secretary, . . . if they are entered, or withdrawn from warehouse, for consumption on or before the date of publication

(continued . . .)

The injunction Cooper obtained addressed defendant's objection as to the effect of 19 U.S.C. § 1516a(c)(1) and also addressed Cooper's concerns regarding the refund of excess cash deposits by ordering Commerce to instruct CBP to refund excess cash deposits for entries that were entered on or after August 6, 2015 through the date of the as-yet-unpublished Timken Notice. *See* Order (June 1, 2017), ECF No. 53. Additionally, during a telephone conference with the court, the parties agreed to CBP's payment of interest on the refund of excess cash deposits at the time of liquidation, rather than when refund of the excess cash deposits is made. *See* Attach. 1 to Joint Status Report on Consultations Regarding Draft Judgment Language ¶ 5 (Aug. 24, 2017), ECF No. 59.

### III. CONCLUSION

The court concludes that all the issues pertaining to implementation of the Remand Redetermination have been resolved. The court concludes, further, that by correcting the erroneous calculation of the antidumping duty cash deposit rate the Remand Redetermination, as effectuated according to the agreed-upon terms of the injunction, complies with the court's opinion and order in *Cooper Tire*.

The court, therefore, will enter judgment sustaining the Remand Redetermination.

/s/ Timothy C. Stanceu
Timothy C. Stanceu
Chief Judge

Dated: September 25, 2017
New York, New York

---

(. . . continued)
in the Federal Register by the Secretary . . . of a notice of a decision of the United States Court of International Trade, or of the United States Court of Appeals for the Federal Circuit, not in harmony with that determination.

19 U.S.C. § 1516a(c)(1).